UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRYSTLE J. LYONS,<br><br>           Plaintiff,<br><br>    v.<br><br>OAK HARBOR SCHOOL DISTRICT,<br><br>           Defendant. | Case No. C25-1168-MLP<br><br>ORDER GRANTING MOTION TO DISMISS |

### I.    INTRODUCTION

This matter is before the Court on Defendant Oak Harbor Public Schools' ("Oak Harbor") Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). (Mot. (dkt. # 21).) Plaintiff Krystle J. Lyons ("Ms. Lyons") filed an opposition (Resp. (dkt. # 23)), and Defendant filed a reply (Reply (dkt. # 25)). No party requested oral argument. Having considered the parties' submissions, the governing law, and the balance of the record, the Court hereby GRANTS Defendant's Motion (dkt. # 21).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 18.)

ORDER GRANTING MOTION TO DISMISS - 1

## II. LEGAL STANDARD

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) may be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when a plaintiff pleads facts that permit the court to reasonably infer the defendant's liability for the alleged misconduct. *Id.* A complaint does not suffice if it offers only "labels and conclusions," a "formulaic recitation of the elements," or "naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

When ruling on a motion to dismiss, the court must accept all well-pleaded factual allegations as true and construe all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001). Furthermore, although *pro se* pleadings are construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010), the court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

III. BACKGROUND[2]

In September 2021, Ms. Lyons alleges she disclosed her asthma disability to Oak Harbor at a hiring event. (Am. Compl. (dkt. # 5) at 6; Suppl. (dkt. # 5-1) at 1.) She contends that despite this disclosure, Oak Harbor rigidly enforced its mask mandate and refused to consider accommodations or alternative placements. (*Id.*) Ms. Lyons asserts she engaged in protected activity by objecting to this policy, which she argued excluded her from employment due to her disability. (*Id.* at 2.) She claims Oak Harbor then terminated her from a mandatory training program in October 2021 in retaliation for this protected activity. (*Id.*) Ms. Lyons alleges this termination denied her an equal employment opportunity and caused a substantial deterioration in her medical condition. (*Id.*)

The U.S. Equal Employment Opportunity Commission ("EEOC") issued Ms. Lyons a right-to-sue notice in September 2022.[3] (Suppl. at 3.) Ms. Lyons filed this action in June 2025 (dkt. # 1), asserting claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 701 *et seq.* (Am. Compl. at 6; Suppl. at 1-2).[4] She concedes she missed the ninety-day filing window but seeks equitable tolling due to psychological and physical hardship. (Suppl. at 3.) She seeks $550,000 in compensatory damages for emotional distress, medical harm, lost income, and educational disruption. (Am. Compl. at 7; Suppl. at 3.)

---

[2] The Court accepts the following factual allegations from Ms. Lyons (dkt. ## 5, 5-1) as true for this Motion. *See Snyder & Associates Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).

[3] A plaintiff must file suit within ninety days of receiving a right-to-sue notice. *See* 29 U.S.C. §794(a)(1) ("remedies, procedures, and rights" applicable to Title VII employment claims apply to RA claims); 42 U.S.C. § 12117 (ADA provision incorporating Title VII procedures); 42 U.S.C. § 2000e-5(f)(1) (establishing ninety-day time period to file civil action); 29 C.F.R. § 1601.28(e).

[4] In her opposition, Ms. Lyons clarifies she proceeds under Title II of the ADA, not Title I. (Resp. at 6.)

## IV. DISCUSSION

### A. Equitable Tolling

Ms. Lyons requests equitable tolling of the ninety-day filing period, arguing that psychological incapacity prevented her from filing suit after receiving her EEOC right-to-sue letter in September 2022.[5] (Suppl. at 3; Resp. at 2-5 (citing *Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999), *as amended* (Mar. 22, 1999) and *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010)).) Oak Harbor opposes, contending Ms. Lyons has not shown the required diligence or extraordinary circumstances. (Mot. at 5; Reply at 2-5.)

The equitable tolling doctrine "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015) (cleaned up). It is an exceptional remedy, available only in "extreme cases" and "applied sparingly." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992). The party seeking equitable tolling bears the burden of proving that they diligently pursued their rights and that extraordinary circumstances prevented timely filing. *Kwai Fun Wong*, 732 F.3d at 1052.

Mental incapacity may justify tolling, but only where the plaintiff was "completely psychiatrically disabled" during the limitations period. *Stoll*, 165 F.3d at 1242. For example, tolling was appropriate where a plaintiff was unable to read, open mail, or function in society due to severe trauma and repeated suicide attempts, *id.*, or where a petitioner's delusions made him incapable of rationally understanding his need to file. *Forbess v. Franke*, 749 F.3d 837, 840-41 (9th Cir. 2014); *see also Bills*, 628 F.3d at 1100.

---

[5] In her opposition, Ms. Lyons also relies, in part, on a case that does not exist. (*See* Resp. at 5 (citing "*Forbes v. Garza*").)

ORDER GRANTING MOTION TO DISMISS - 4

1    Conversely, tolling does not apply where a plaintiff, despite significant mental health
2    challenges, remains able to function in other complex areas of life. *See Orthel v. Yates*, 795 F.3d
3    935, 939 (9th Cir. 2015) (no tolling where plaintiff remained "high functioning," participated in
4    college courses, and displayed good insight); *Lacayo v. Catalina Rest. Grp., Inc.*, 2015 WL
5    993448, at *12 (C.D. Cal. Mar. 3, 2015) (no tolling where plaintiff applied for disability benefits
6    and requested employment records). Generalized stress or difficulty, without evidence of
7    complete incapacitation, is insufficient. *Elshirbiny v. Hewlett Packard Co.*, 2001 WL 590034, at
8    *5 (N.D. Cal. May 24, 2001), *aff'd,* 23 Fed. Appx. 699 (9th Cir. 2001).

9    Here, Ms. Lyons' own allegations demonstrate she remained highly functional during the
10   tolling period. She filed multiple administrative complaints, consulted seven attorneys, retained
11   counsel in a separate matter, negotiated for a teaching certificate, completed a master's degree,
12   relocated for employment, engaged in HR meetings, received ongoing therapy, and ultimately
13   filed this action *pro se*. (Resp. at 3-5.) While Ms. Lyons undoubtedly faced personal and
14   professional challenges, these difficulties did not constitute the kind of extraordinary, severe
15   incapacity required for equitable tolling. Her ability to manage complex tasks and pursue legal
16   and professional goals shows she was not completely disabled from asserting her rights.

17   Accordingly, Ms. Lyons has not met her burden to justify equitable tolling.

18   **B.    ADA and RA Claims**

19   Ms. Lyons asserts claims under Title II of the ADA and § 504 of the RA, alleging that
20   Oak Harbor failed to accommodate her asthma disability during a student teaching internship.
21   (Resp. at 1, 6-8.) Even assuming equitable tolling applies, Oak Harbor argues this action should
22   be dismissed for failure to state a claim. (Mot. at 7-10, Reply at 5-6.)

ORDER GRANTING MOTION TO DISMISS - 5

1    Title II "prohibits disability discrimination in the provision of public services[.]" *Okwu v.*
2    *McKim*, 682 F.3d 841, 845 (9th Cir. 2012).[6] It requires public entities to "make reasonable
3    modifications in policies, practices, or procedures when the modifications are necessary to avoid
4    discrimination on the basis of disability, unless the public entity can demonstrate that making the
5    modifications would fundamentally alter the nature of the service, program, or activity." 28
6    C.F.R. § 35.130(b)(7).

     Ms. Lyons' ADA and RA claims stem from Oak Harbor's alleged failure to engage in an interactive process and explore accommodations for her asthma to allow her to participate in a student teaching internship. However, it is well settled that Title II addresses discrimination in the provision of public services, not public employment. *See Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1184 (9th Cir. 1999). As Ms. Lyons' claims arise from an employment relationship with Oak Harbor, they necessarily fail. *See id.* at 1172-74. Ms. Lyons also fails to allege any intentional discrimination by Oak Harbor, which is required to recover monetary damages. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

     In sum, Ms. Lyons has not adequately alleged a claim for relief against Oak Harbor under the ADA or the RA. Accordingly, Oak Harbor's Motion to Dismiss (dkt. # 21) is granted. Because the defects in Ms. Lyons' claims cannot be cured by new factual allegations, this dismissal is with prejudice. *Manzarek*, 519 F.3d at 1031.

---

[6] Because there is no significant difference between the substantive standards of the ADA and RA, the claims may be analyzed together. *See Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1047 n. 7 (9th Cir. 2009).

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion (dkt. # 21) is GRANTED and Plaintiff's Amended Complaint (dkt. ## 5, 5-1) is DISMISSED with prejudice.

Dated this <u>23rd</u> day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge